KANSAS CITY, Appellant, v. ED. SMITH, Respondent.

**Kansas City Court of Appeals, March 3, 1902.**

**Kansas City: ORDINANCE: LICENSING WAGONS.** In Kansas City a brewer, using delivery wagons for the sole purpose of delivering the products of his brewery to his customers, must take out a license under the city ordinance. Kansas City v. Richardson, 90 Mo. App. 450, followed.

Appeal from Jackson Criminal Court.—*Hon. Jno. W. Wofford,* Judge.

REVERSED AND REMANDED.

*C. E. Burnham* for appellant.

(1) Plaintiff contends that under its charter, subdivision 10, article 3, page 15, it has specific authority to tax the wagon in question. (2) This tax may be upheld either as an occupation tax or street usage tax. St. Louis v. Weitzel, 130 Mo. 619; St. Louis v. Bowler, 94 Mo. 630; St. Louis v. Green, 7 Mo. App. 498.

*F. V. Kander* for respondent.

(1) Respondent contends that the ordinance is unconstitutional for the reasons: First. The city has no charter power authorizing a license tax on private vehicles. Second. The ordinance is class legislation, in that it creates a license tax on only a specific few private vehicles and does not tax them all. City of St. Louis v. Grone, 46 Mo. 576; St. Louis Charter, page 70, of the Revised Ordinances of the City of St.

Louis, published 1871; Kansas City Charter 1889, art. 3, page 15, subdivision 10; Hannibal v. Price, 29 Mo. App. 280; City of St. Louis v. Woodruff, 4 Mo. App. 169; R. S. 1889, sec. 1900; R. S. 1889, p. 2097; St. Joseph v. Porter, 29 Mo. App. 605; State v. Krueger, 134 Mo. 262-269; Town of Trenton v. Clayton, 50 Mo. App. 535; 15 Am. and Eng. Ency. of Law, p. 1041. (2) The ordinance is class legislation, in this, that it signals out certain private vehicles as objects of a license tax and is not uniform.

BROADDUS, J.—The defendant is charged on the information of the city attorney of the plaintiff with having operated in the said City of Kansas, a certain two-horse wagon used in delivering beer, without having a license therefor, in violation of ordinance No. 7945, of said city. He was tried in the police court, found guilty and fined $25, from which judgment of conviction, he appealed to the criminal court of Jackson county, which court held him not guilty, on the ground that the plaintiff's charter did not authorize its common council to pass said ordinance. From the judgment of said criminal court the plaintiff appealed. On the trial, the following agreed statement of the facts in the case was introduced in evidence, to-wit:

"It is hereby agreed that the facts in the above-entitled case are as follows: That the Ferd Heim Brewing Company is a corporation engaged in the manufacturing and sale of beer in Kansas City, Missouri, and that Ed. Smith, the above-named defendant, is in its employ as driver for one of its wagons, which wagon was at the date of the arrest of said Smith and now is used on the streets of the city for the purpose of conveying and transporting beer by said brewing company, to the persons having purchased the same from said brewery to the place of business and saloons of such purchasers; that said vehicles were used on the streets of the city in manner and for the purpose aforesaid; that the license inspector noti-

fied said brewing company to take license for such wagons and that it refused to do so; and it is further agreed that said wagon is used exclusively in carrying beer manufactured by said brewing company, to the different parts of the city. That these wagons have been assessed by the city against said brewing company for the year 1896, that this assessment is a lien for the amount or tax on personal property, and, finally that the wagons in question are not used for any other purpose than above stated; that no charge is made for the delivery of beer by said wagons. And that the court may take judicial knowledge of all city ordinances."

In the case of Kansas City v. Richardson, 90 Mo. App. 450, in passing upon a similar ordinance, which the defendant was charged with violating, by operating on the streets of said city a laundry wagon without first having obtained a license, we held that the city, under its charter, was authorized to pass the ordinance in question, and upheld the conviction of the defendant. As every question presented in this case was determined in said opinion, we adopt it here. It follows, therefore, that the court was in error in dismissing the prosecution and discharging the defendant for the reason assigned.

The cause is reversed and remanded. All concur.